UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. S2-4:08 CR 244 RWS |
| | ) | (FRB) |
| RUSSELL GENDRON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS (DOCUMENT #96 AND DOCUMENT #98)

COMES NOW the United States of America, by and through its attorneys, Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri, and Reginald L. Harris and Robert F. Livergood, Assistant United States Attorneys for said District, and for its Response in Opposition to Defendant's Motions to Dismiss (Document #96 and Document #98), states as follows:

## I.  INTRODUCTION

The defendant is charged in a Superseding Indictment with possession of child pornography (count one) in violation of 18 U.S.C. § 2252A(a)(5)(B) and knowing receipt of obscene visual depictions that depict a minor engaged in sexually explicit activity (count two) in violation of 18 U.S.C. § 1466A(a)(1).  The defendant has filed motions to dismiss count two of the Superseding Indictment on various grounds.  In the motion to dismiss at Document #96, the defendant argues that 18 U.S.C. § 1466A(a)(1) fails to meet the strict scrutiny test.  The defendant argues that § 1466A(a)(1) is a content-based restriction on speech, and as such, is presumptively unconstitutional unless the government can demonstrate that the law is narrowly tailored to advance a compelling government interest.  The defendant acknowledges that there is an obscenity exception to First

Amendment protection and that no court has ever required a criminal obscenity statute to meet a strict scrutiny standard, but argues that a strict scrutiny analysis of obscenity statutes should nevertheless apply.

In the motion to dismiss at Document #98, the defendant argues that 18 U.S.C. § 1466A(a)(1) violates the First Amendment when it is applied to fictional works.  The defendant argues that § 1466A(a)(1) is unconstitutional as applied to visual depictions of fictitious scenes because:  fictional material must be linked to illegal conduct in order to be properly suppressed under the First Amendment; fictional works can only be suppressed if they present a clear and present danger; there exists no constitutional justification for denying obscene material First Amendment protection; and the statute impermissibly allows prosecution where no actual persons or minors are depicted.  Alternatively, the defendant argues that the indictment fails to allege a crime because the images at issue are not obscene as a matter of law and the indictment itself improperly fails to present the "works" in their entirety.

A review of the pleadings and relevant authorities shows that there is no cause to dismiss the Superseding Indictment.  There is no justification to overturn well settled precedent and require additional protections for obscene visual depictions of the sexual abuse of minors.  Title 18 U.S.C. § 1466A(a)(1) is constitutional, particularly as applied to the visual depictions explicated in count two of the Superseding Indictment.  There is no defect in the indictment itself, and, as discussed herein, count two properly states a federal offense.  Thus, the motions should be denied.

## II.  LEGAL ANALYSIS

Insofar as the defendant's motion to dismiss is largely predicated on alleged defects in the statute under which he is charged, the starting point for assessing his claims begins with consideration of the statute at issue herein.  Section 1466A(a)(1) states:

> Any person who, in a circumstance described in subsection (d), knowingly produces, distributes, receives, or possesses with intent to distribute, a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that–
>
> > (1)(A) depicts a minor engaging in sexually explicit conduct; and
> >
> > (B) is obscene . . .
>
> or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(1), including the penalties provided for cases involving a prior conviction.

There is no requirement that the minor depicted actually exist.  *See* § 1466A(c).  By its terms, § 1466A(a)(1) is addressed at a very narrow category of obscene material, namely material depicting minors engaging in sexually explicit conduct, as that term is statutorily defined.  *See* 18 U.S.C. § 1466A(f)(2).  Moreover, a crime charged under  § 1466A(a)(1) must have an interstate nexus or have occurred within the territorial jurisdiction of the United States.  *See* 18 U.S.C. § 1466A(d).

Section 1466A(a)(1) makes it a crime to knowingly receive a visual depiction of any kind, including a drawing or cartoon, that depicts a minor engaging in sexually explicit conduct; and is obscene, provided the crime has a statutorily-defined federal nexus.  Thus, to convict a defendant under this statute, the government must prove the material is obscene under the standards enunciated in *Miller v. California,* 413 U.S.15 (1973).  To be "obscene" under this section, the jury must decide whether, taken as a whole, the material appeals to the prurient interest, is patently offensive in light of community standards, and lacks serious literary, artistic, political, or scientific value. *Miller*, 413 U.S. at 24-25.  Obscenity is an element of § 1466A(a)(1) that the government must prove beyond a reasonable doubt.  The Supreme Court has pointed to the government's burden of proof to uphold other statutes in the face of unconstitutionality claims.  *See United States v. Williams,* 128 S.Ct. 1830, 1846 (2008) ("Close cases can be imagined under virtually any statute.  The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a

reasonable doubt").

A.      Motion To Dismiss (Document #96)

      1.      § 1466A(a)(1) targets obscene material, which is afforded no First Amendment protection.

The defendant's motion to dismiss characterizes § 1466A(a)(1) as a content based restriction on speech that is presumptively unconstitutional.  However, the defendant's argument fails to adequately appreciate the well settled fact that obscenity is not protected speech.  In fact, the defendant acknowledges but ultimately dismisses this point.  In *Miller,* the Court stated that it "has been categorically settled by the Court [] that obscene material is unprotected by the First Amendment." *Miller,* 413 U.S. at 23.  The Court has consistently reaffirmed that obscenity is not protected speech.  *See Williams,* 128 S.Ct. at 1841 (finding that the rationale for the content-based exclusion of speech in section 2252A(a)(3)(B) of the PROTECT Act was based "on the principle that offers to give or receive what it is unlawful to possess have no social value and thus, *like obscenity,* enjoy no First Amendment protection") (emphasis added).  Indeed the Supreme Court has "long held that obscene speech – sexually explicit material that violates fundamental notions of decency – is not protected by the First Amendment." *Williams*, 128 S.Ct.  at 1835-36. *See also Flynt v. Ohio*, 451 U.S. 619, 622 (1981); *Miller v. California*, 413 U.S. 15, 23 (1973); *Roth v. United States*, 354 U.S. 476, 492-93 (1957).

Because the conduct prohibited by § 1466A(a)(1) is not protected by the First Amendment, the defendant's argument – that § 1466A(a)(1) regulates protected speech and is thus presumptively invalid without successfully passing a strict scrutiny test – must fail.

      2.      Strict scrutiny analysis is unwarranted.

Arguing for the application of a strict scrutiny test to § 1466A(a)(1), the defendant contends

that "[t]here can be no legal or constitutional distinction mandating a different test – or any lesser governmental burden – where sexually explicit materials are involved, regardless of whether they are . . .obscene."  Defendant's Motion to Dismiss at 8.  However, the Supreme Court has explicitly enunciated a test other than strict scrutiny for sexually explicit materials that are obscene - the *Miller* test.  In *Miller,* the Court established a three-prong test to determine obscenity.  *Miller,* 413 U.S. at 24.  It is this test which will duly be applied by the trier of fact to the images listed in count two of the Superceding Indictment.

The defendant cites *Reno v. ACLU* and *Ashcroft v. ACLU* to support the claim that strict scrutiny must be applied to any content based prohibition.  Defendant's Motion to Dismiss at 8 *citing Reno v. ACLU,* 521 U.S. 844 (1997) *and Ashcroft v. ACLU,* 542 U.S. 656 (2004).  However, the defendant fails to distinguish between the statute at issue here – which *requires* the government to prove obscenity under the *Miller* test – and the COPA statute at issue in *Reno* and *Ashcroft* which was much more expansive.  *See Ashcroft*, 542 U.S. at 661.  The crux of COPA's First Amendment deficiency was that the statute could "place a burden on some *protected* speech."  *Id.* at 663 (emphasis added).  If the speech is protected it falls to the government to establish the statute's sufficiency under a strict scrutiny test.  *See Id.* at 665-66.  Here, the speech is obscenity, which is not protected.  A strict scrutiny test is therefore inapplicable.  The Supreme Court has specifically made this point.

> It is true enough that content-based regulations of speech are presumptively invalid. We have recognized, however, that the rationale of the general prohibition . . . is that content discrimination raises the specter that the Government may effectively drive certain ideas or viewpoints from the marketplace.  And we have identified numerous *situations in which that risk is inconsequential, so that strict scrutiny is unwarranted. For example, speech that is obscene* or defamatory can be constitutionally proscribed because the social interest in order and morality outweighs the negligible contribution of those categories of speech to the marketplace of ideas.

*Davenport v. Washington Education Association,* 127 S.Ct. 2372, 2381 (2007) (internal citations omitted) (emphasis added). *See also, Williams,* 128 S.Ct. At 1841 (reversing the Eleventh Circuit's decision to apply strict scrutiny to content-based speech that "like obscenity enjoy[s] no First Amendment protection").

B.    Motion To Dismiss (Document #98)

      1.     § 1466A(a)(1) does not violate the First Amendment because obscene material is not
             granted First Amendment protection and § 1466A(a)(1) requires the government to
             prove the visual depictions at issue are obscene.

The defendant argues that § 1466A(a)(1) violates his constitutional right to "view these expressions of ideas generated by others." Defendant's Motion to Dismiss at 4.  The defendant argues  that in order to restrict any fictional work and preserve the defendant's First Amendment rights, the government must prove the fictional work is inextricably linked to illegal conduct – specifically, antisocial conduct that prompts disobedience or destruction of life or property. *Id.* at 15-17.  Presumably, because § 1466A(a)(1) does not enunciate this standard for works of fiction, the defendant finds the statute unconstitutionally violative of the First Amendment. The defendant's argument misapprehends the applicability of First Amendment protection to obscene material.

The defendant's argument ignores controlling, long-established precedent that obscene material, such as that proscribed by § 1466A(a)(1), is not protected by the First Amendment.  The Supreme Court has "long held that obscene speech – sexually explicit material that violates fundamental notions of decency – is not protected by the First Amendment."  *United States v. Williams*, 128 S.Ct. 1830, 1835-36 (2008). *See also Flynt v. Ohio*, 451 U.S. 619, 622 (1981); *Miller v. California*, 413 U.S. 15, 23 (1973) ("This much has been categorically settled by the Court, that obscene material is unprotected by the First Amendment"); *Roth v. United States*, 354 U.S. 476,

492-93 (1957).

As recently as June, 2009, a district court in the Eastern District of Missouri specifically

affirmed that "[t]he First Amendment does not protect the type of obscene speech that is prohibited

by 18 U.S.C. § 1466A(b)(1)." *United States v. Mees*, No. 4:09CR00145, 2009 WL 1657420, at *4

(E.D.Mo. June 10, 2009).  The obscene material prohibited by § 1466A(b)(1) that the court declared

unprotected by the First Amendment is the precise material prohibited by § 1466A(a)(1).[1]  Because

the conduct prohibited by § 1466A(a)(1) is not protected by the First Amendment, the defendant's

argument – that § 1466A(a)(1) violates the defendant's First Amendment rights – must fail.

2.    § 1466A(a)(1) does not require depictions of actual people or minors, and this nonrequired element is constitutional.

The Motion to Dismiss places undue emphasis on the fact that the obscene images in count

two of the Superseding Indictment are visual depictions and that § 1466A does not require that the

minor depicted actually exist.  The defendant's classification of these images as "fictional work" or

"fantasy" does not affect the constitutionality of the statute, nor does it change the fact the

government must prove beyond a reasonable doubt that all the images are obscene.  *See Williams,*

128 S.Ct. at 1846.  As such, the request for a "pretrial adversarial determination of obscenity"

embedded in the defendant's motion is misplaced.  Defendant's Motion to Dismiss at 7.  Section

1466A(a)(1) prohibits **"**obscenity" as defined in *Miller v. California*.  To be "obscene" under this

section, the jury must decide whether, taken as a whole, the material appeals to the prurient interest,

---

[1] Both § 1466A(b)(1) and § 1466A(a)(1) target "a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting that depicts a minor engaging in sexually explicit conduct; and is obscene." Section (b)(1) prohibits the knowing possession of such material, while section (a)(1) prohibits the knowing production, distribution, receipt, or possession with intent to distribute. *See also, United States v. Handley*, 564 F.Supp.2d 996, 1005 (S.D. Iowa 2008) (finding §§ 1466A(a)(1) and (b)(1) are not overbroad and therefore constitutional).

is patently offensive in light of community standards, and lacks serious literary, artistic, political, or scientific value.  *Miller*, 413 U.S. at 24-25.  "[W]hat appeals to the 'prurient interest' or is 'patently offensive' . . . are essentially questions of fact" for the trier of fact.  *Id.* at 30.  It is for the jury to determine whether the government meets it burden of proof as to obscenity.

The defendant labors to differentiate the virtual images at issue as "entirely fictional works," but obscenity can come in all forms of expression and does not need to contain pictures of actual children.

> When the Court declared that obscenity is not a form of expression protected by the First Amendment, no distinction was made as to the medium of the expression. Obscenity can, of course, manifest itself in conduct, in the pictoral representation of conduct, or in the written and oral description of conduct.

*Kaplan v. California*, 413 U.S. 115, 118-119 (1973) (citations omitted); *see also Penthouse Int'l, Ltd. v. McAuliffe*, 610 F.2d 1353, 1366 (5th Cir. 1980) (*Penthouse* and *Oui* magazines contained obscene textual articles); *United States v. Whorley,* No. 06-4288, 2009 WL 1653531, at *1 (4th Cir. June 15, 2009) ("[defendant] violated criminal statutes regulating obscenity, and his convictions may not be forgiven because his conduct was prompted by his sexual fantasies").  Indeed, no Supreme Court case has extended First Amendment protection to "obscene virtual images."  *Mees,* 2009 WL 1657420, at *4.  Just because the minor depicted may not actually exist does not change the fact that the government must prove the obscenity of the image and that an obscene image is entitled no First Amendment protection.

Defendant confuses the law of child pornography with the law of obscenity when he tries to differentiate the protection afforded actual children versus fictional characters in the Supreme Court's *New York v. Ferber* decision.  *New York v. Ferber,* 458 U.S. 747, 764 (1982).  The Court actually reiterates the point that the "fictional" distinction does not affect the constitutionality of

8

obscenity statutes: "the distribution of descriptions or other depiction of sexual conduct, *not otherwise obscene,* which do not involve live performance or photographic or other visual reproduction of live performances, retains First Amendment protection." *Id.* (emphasis added).

Subsequent decisions recognize this clear distinction. For example, in *United States v. Whorley*, the defendant argued that 18 U.S.C. § 1466A(a)(1) was unconstitutionally applied to cartoon drawings because "cartoon figures are not depictions of *actual* people." *Whorley,* 550 F.3d at 335. The Fourth Circuit found this contention to be without merit. *Id.* at 337.

> Whorley focuses too narrowly on isolated portions of § 1466A(a)(1). While § 1466A(a)(1) would clearly prohibit an obscene photographic depiction of an actual minor engaging in sexually explicit conduct, it also criminalizes receipt of *a visual depiction of any kind*, including a *drawing, cartoon,* sculpture, or painting that depicts a minor engaging in sexually explicit conduct and is obscene. In addition, Whorley overlooks § 1466A(c), which unambiguously states that it is not a required element of any offense under this section that the minor depicted actually exist. The clear language of § 1466A(a)(1) and § 1466A(c) is sufficiently broad to prohibit receipt of obscene cartoons . . . Whorley ignores the language of § 1466A(a)(1) , which prohibits visual depictions of minors only when they are *obscene*.

*Id.* at 336 (emphasis in original). Additionally, the Ninth Circuit dismissed the same claim that the defendant makes in his Motion to Dismiss – specifically that § 1466A(a)(1) incorporates the definitions of an "identifiable minor" in 18 U.S.C. § 2256(B)(9)(A)(ii) and the definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A) and 2256(2)(B). *United States v. Schales,* 546 F.3d 965, 974 (9th Cir. 2008). The Ninth Circuit explains that the "fallacy" of this logic is the "premise that section 1466A incorporates the definition of 'child pornography' and requires that actual minors be victimized." *Id.* Because § 1466A(a)(1) encompasses obscenity under *Miller* "and does not extend to child pornography," § 1466A(a)(1) requires the government prove that a visual depiction is obscene and is constitutional "[w]hether the images were of actual minors, morphed minors, or imaginary minors." *Id.*

3.      <u>The Superseding Indictment properly alleges a crime and should not be dismissed</u>.

The defendant is charged with violation of 18 U.S.C. § 2252A(a)(5)(B) and violation of 18 U.S.C. § 1466A(a)(1).  As discussed above, § 1466A(a)(1) is constitutional as applied to "fictional" images.  In the alternative to his unconstitutionality argument, defendant requests dismissal for failure to allege a crime.  The defendant's precise arguments in support of this claim are difficult to parse.  It seems, however that the defendant is claiming the indictment is insufficient because only specific images, not an entire "story," are enumerated in count two and that the images are not obscene "as a matter of law." Defendant's Motion to Dismiss at 4, 6.  Defendant's claims are not supported by any court's interpretation of § 1466A(a)(1).  The Superseding Indictment properly alleges all elements of the defendant's § 1466A(a)(1) violation.

As discussed above, the trier of fact determines whether the images at issue are obscene when "taken as a whole."  *Miller*, 413 U.S. at 24-25. However, the defendant mischaracterizes the images in count two of the Superseding indictment as part of some larger "work."  These discrete images stand alone as discrete graphic depictions of minors engaging in sexually explicit conduct, and it is for the jury to determine whether the government meets its burden proving the images are obscene.

The defendant's Motion to Dismiss also claims that the images described in the Superseding Indictment are not patently obscene.  Again, the question of obscenity is one for the jury. Defendant's dubious comparisons between Henry Miller's *Tropic of Cancer* and graphic image files depicting, *inter alia,* a minor female engaged in sexual intercourse with an adult male and a minor female performing oral sex on a male in no way establish that "as a matter of law" the images are not obscene.

10

### III.  CONCLUSION

Wherefore, the United States respectfully requests that the defendant's motions to dismiss be denied.

Respectfully submitted,

MICHAEL W. REAP
Acting United States Attorney

*/s/ Reginald L. Harris*
REGINALD L. HARRIS, #48939
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on **July 6, 2009**, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Diane Dragan, Assistant Federal Public Defender, 1010 Market Street, Suite 200, St. Louis, Missouri 63101.

*/s/ Reginald L. Harris*
REGINALD L. HARRIS, #48939
Assistant United States Attorney