UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S2-4:08CR244 RWS |
| | ) | (FRB) |
| RUSSELL GENDRON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the court are two motions for severance filed by the defendant.

On August 13, 2008, the Grand Jury returned a Superceding Indictment charging the defendant in Count One with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and in Count Two with possession of obscene visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 1466A(b)(1).  On May 14, 2009, the defendant filed a Motion For Severance (Docket No. 73).  The motion alleged that Counts One and Two of the Superceding Indictment were improperly joined under Rule 8(a), Federal Rules of Criminal Procedure, and sought further relief from prejudicial joinder pursuant to Rule 14, Federal Rules of Criminal Procedure.

Thereafter, on May 28, 2009, the Grand Jury returned a Second Superceding Indictment in two counts.  Count One charges the

defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Count Two charges the defendant with receipt (as opposed to possession) of obscene visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 1466A(a)(1). On June 26, 2009, the defendant filed a Motion For Severance On Superceding Indictment (Docket No. 97) alleging that Counts One and Two of the Second Superceding Indictment are improperly joined under Rule 8(a), Federal Rules of Criminal Procedure, and seeking further relief from prejudicial joinder pursuant to Rule 14, Federal Rules of Criminal Procedure.

It appears that the defendant's first Motion For Severance (Docket No. 73) directed to the First Superceding Indictment is now moot as a result of the filing of the Second Superceding Indictment.

However, the defendant's second Motion For Severance On Superceding Indictment (Docket No. 97) appears ripe for decision and is addressed herein.

The defendant argues in his motion that the offenses in Count One and Two are not properly joined under Rule 8(a), Federal Rules of Criminal Procedure, because the two counts do not charge the same offense nor do they charge similar offenses. He makes this claim based on the assertion that "the first charge involves alleged possession of pornographic photographs of actual children whereas the second charge involves the issue of obscenity with

regard to computer generated images". He further asserts that, "the only 'similarity' between these two counts is the fact that both were located on a computer."

Rule 8(a), Federal Rules of Criminal Procedure, provides that, "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character . . . " Offenses are of "similar" character if they are "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) quoting United States v. Werner, 620 F.2d 922, 926 (2nd Cir. 1980)(quoting Webster's New International Dictionary [2d.ed.]). A review of the charges set out in the indictment shows that the charges are sufficiently similar as to be properly joined under Rule 8(a). Each charge sets out that the defendant either possessed or received images of children engaged in sexually explicit conduct. The conduct in the images, which is graphically described in the indictment, is the same or similar in the images. The fact that the images in Count One purport to be of actual children, while the images in Count Two purport to be drawings, cartoons or computer generated images of children does not make the charges so dissimilar as to render them improperly joined under Rule 8(a).

The defendant goes on to assert that even if the offenses are properly joined under Rule 8(a), he would be prejudiced by a

joint trial of the two counts and seeks a separate trial on each count pursuant to Rule 14, Federal Rules of Criminal Procedure. Rule 14, Federal Rules of Criminal Procedure, provides that, "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." The defendant asserts such prejudice averring that the jury will be confused by the evidence because one offense involves depiction of actual children while the other does not. He also claims that the jury will be confused because one charge involves pornographic images while the other involves obscene images and that the findings required to be made by the jury as to the elements of the different offenses would be confusing to the jury. He also contends that the jury will be further confused because he will offer different defenses to the two charges. He also asserts that the government may offer evidence that may be admissible and permitted to be considered as to one count, but not the other. These are matters and concerns that can be adequately addressed by specific instructions to the jury by the court concerning the elements of the offenses and the jury's consideration of the evidence relating to each of the counts. United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999). United States v. Frazier, 280 F.3d 835, 848 (8th Cir. 2002).

The government avers that even if tried separately, evidence of the separate offenses would be admissible at each trial pursuant to Rule 404(b), Federal Rules of Evidence. As part of its case and burden of proof, the government must prove that the defendant knowingly possessed the images in question. United States v. Whorley, 550 F.3d 326, 338 (4th Cir. 2008). A defendant places the element of knowledge "at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond reasonable doubt." United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006). "Proof of knowledge is one purpose for which evidence of other crimes, wrongdoing or acts may be admitted under Fed. R. Evid. 404(b) . . ." United States v. Johnson, 562 F.2d 515, 517 (8th Cir. 1977); United States v. Walker, supra; United States v. Whorley, supra. Severance under Rule 14 is not appropriate or required if the evidence of each separate offense would otherwise be admissible at a separate trial of each count under Rule 404(b).

For all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant's Motion For Severance (Docket No. 73) be denied as moot.

**IT IS FURTHER RECOMMENDED** that defendant's Motion For Severance On Superceding Indictment (Docket No. 97) be denied.

The parties are advised that they have until **November 6, 2009,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of October, 2009.