UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S2-4:08CR244 RWS |
| | ) | (FRB) |
| RUSSELL GENDRON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the court is the Motion of Defendant To Dismiss Indictment For Violation Of Speedy Trial Act (Docket No. 99). The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

The Speedy Trial Act requires that "[T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute sets out certain periods of delay which are to be excluded in computing the time within which the trial must commence. These are set out in 18 U.S.C. § 3161(h). The Eighth Circuit has noted that the "including but not limited to"

language of Section (h)(1) "creat[es] in the statute the presumption that the scope of its enumerated delays are not to be interpreted narrowly." United States v. Hohn, 8 F.3d 1301, 1304 (8th Cir. 1993).

In his motion the defendant contends that more than 70 days of non-excludable time has run on the speedy trial clock and that therefore the pending indictment should be dismissed pursuant to 18 U.S.C. § 3162(a)(2). For the reasons set out below, the defendant's motion should be denied.

The original indictment in this cause was filed on April 24, 2008. The defendant was arrested and made his initial appearance before a magistrate judge on April 30, 2008. The defendant first appeared before the court with counsel on May 2, 2008, for his arraignment, at which time he entered a plea of not guilty. The speedy trial clock began to run on May 2, 2008. United States v. Blankenship, 67 F.3d 673, 676 (8th Cir. 1995).

On May 13, 2008, the defendant filed a Memorandum with the court indicating that he did not intend to raise any issues by way of pretrial motion. A hearing was held on the defendant's waiver of motions on May 22, 2008. Upon completion of these pretrial proceedings before the undersigned the case was ordered set for trial on June 30, 2008. On June 20, 2008, the defendant filed a motion to continue the trial setting. As grounds for his motion the defendant stated,

> 1. Additional time is needed to resolve pretrial matters related to this case. The additional time will allow counsel to conduct investigation, consult with a forensics expert, meet with the client and pursue potential negotiations which may eliminate the need for a trial.
>
> 2. Mr. Gendron believes the ends of justice are best served by continuing this matter from its current trial setting and that such a continuance outweighs the interests of the parties and the public to a speedy trial.
>
> 3. Mr. Gendron is aware of his right to a speedy trial pursuant to 18 U.S.C. Section 3161, et seq. and agrees to waive his right to a speedy trial. A written waiver will be filed separately.

On June 26, 2008, the defendant filed a written "waiver" of his rights under the Speedy Trial Act. In the waiver he stated his right to a speedy trial had been explained to him by counsel and that he understood that right. He further stated that he believed ". . . that the ends of justice would be best served by executing said waiver and such waiver would outweigh the interests of the public and the Defendant to a speedy trial." On June 27, 2008, the court entered an order granting the defendant's motion for continuance of the trial setting finding that for the reasons set out in the defendant's motion "the ends of justice served by such a continuance outweigh the best interest of the public and the defendant in a speedy trial". In the order the trial was reset to September 2, 2008.

The defendant's filing of the motion for continuance tolled the running of the speedy trial clock. The time from June 20, 2008, the date of the filing of the motion, and June 27, 2008, the date of the ruling on the motion is excluded from the 70 day period for trial. 18 U.S.C. § 3161(h)(1)(F); Henderson v. United States, 476 U.S. 321, 330 (1986). Further, the time from June 27, 2008, through September 2, 2008, is excluded from the 70 day period by virtue of the court's finding that the interests of justice outweighed the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8); United States v. McKay, 431 F.3d 1085, 1091-92 (8th Cir. 2005), cert. denied, 549 U.S. 828 (2006).

On August 13, 2008, the Grand Jury returned and filed a superseding indictment which contained a new charge as well as the charge set out in the original indictment. On August 19, 2008, an order was entered vacating the September 2, 2008, trial setting. On that same date the defendant was ordered to appear on August 22, 2008, for arraignment on the superseding indictment. On August 22, 2008, the defendant appeared with counsel for arraignment and entered a plea of not guilty to all of the charges in the superseding indictment. The time between the filing of the superseding indictment on August 13, 2008, and the defendant's arraignment thereon on August 22, 2008, is excluded from the 70 day speedy trial period. United States v.

Van Someren; 118 F.3d 1214, 1219 (8th Cir. 1997).

At the defendant's arraignment on August 22, 2008, on the superseding indictment the undersigned specifically inquired of counsel for the defendant whether it was anticipated that pretrial motions would be filed raising issues regarding the superseding indictment. Counsel for the defendant stated that the defendant would intend to file pretrial motions. On that date the undersigned entered an order granting the parties until September 2, 2008, in which to file pretrial motions. The time granted to prepare and file pretrial motions granted by the order is excluded from the 70 day speedy trial computation pursuant to 18 U.S.C. § 3161(h)(1). United States v. Bloate, 534 F.3d 893, 898 (8th Cir. 2008).[1]

On September 2, 2008, the defendant filed a motion requesting additional time until September 10, 2008, in which to file pretrial motions, noting that "The issues to be addressed in the motions are complex and counsel needs additional time to research and finalize the motions." The motion was granted that same date. In the order granting the motion the undersigned found that,

---

[1] The Supreme Court granted certiorari in Bloate to consider the question of whether time granted to defendant for the filing of pretrial motions is excludable from the 70 day speedy trial computation. As noted by the Eighth Circuit in Bloate, there is a split among the Circuit Courts on the issue. Bloate, 534 F.3d at 897-98. The case was argued to the Supreme Court in October, 2009, and is awaiting decision by the Court.

> For the reasons set out in the defendant's
> motion the undersigned finds that to deny
> defendant's request for such additional time
> would deny counsel for the defendant the
> reasonable time necessary for effective
> investigation and preparation of pretrial
> motions, taking into account the exercise of
> due diligence, and that the ends of justice
> served by granting defendant's request for
> additional time outweigh the best interest
> of the public and the defendant in a speedy
> trial, and therefore, the time granted to
> defendant to investigate and prepare
> pretrial motions, or a waiver thereof, is
> excluded from computation of the defendant's
> right to a speedy trial pursuant to 18
> U.S.C. § 3161(c)(1).

On September 10, 2008, the defendant filed a Motion To Dismiss Indictment and a Motion To Suppress Evidence And Statements. The time between September 2, 2008 and September 10, 2008, granted at the defendant's request and upon the court's interest of justice finding is excluded from the 70 day speedy trial period. 18 U.S.C. § 3161(h)(8(A) and (B); <u>United States v. Bloate</u>, <u>supra</u>.

On September 12, 2008, the government filed a motion requesting additional time in which to respond to the defendant's motions and for a continuance of the pretrial evidentiary hearing on motions which had been scheduled for September 22, 2008. On that same date the defendant responded that he did not oppose the government's request for a continuance of the pretrial motion hearing. On September 15, 2008, the government's motion was granted and the hearing on defendant's motions was continued and

reset to October 24, 2008.  On October 22, 2008, the pretrial motion hearing was continued by the court to November 6, 2008.

On November 6, 2008, testimony and evidence was heard on the defendant's motions.  On November 7, 2008, the undersigned ordered that a written transcript of the hearing be prepared and filed in order to assist the court in making accurate findings of fact.  The transcript was prepared and filed with the court on November 14, 2008.  On December 19, 2008, the undersigned held a supplemental hearing on the defendant's motions.  At the hearing the undersigned noted that the record from the pleadings and from the hearing on November 6, 2008, left unclear the specific items which were seized by law enforcement officers which were the basis of the charges in the indictment.  The undersigned felt it necessary to clarify the matter because different grounds might justify (or not justify) the seizure of the various items and could therefore affect the court's ruling on the defendant's motion.  Although brief, the supplemental hearing was necessary in order for the undersigned to accurately address the issues raised in the defendant's motion to suppress evidence. 18 U.S.C. § 3161 (h)(1)(F) specifically excludes from the 70 speedy trial computation any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  In <u>Henderson v. United States</u>, 476 U.S. 328 (1986) the Supreme Court was asked

to interpret the § 3161(h)(1)(F) exclusion as encompassing only "reasonably necessary" delays between the filing of motions and hearings on such motions be computed as excludable time. After a comprehensive review of the statute and legislative history, the Court found no such requirement and held that any period of delay between the filing of motions and a hearing on the motions was excludable time under Section (h)(1)(F). The Court also held that "[S]ubsection (F) excludes time after a hearing has been held where a district court awaits additional filings from the parties for proper disposition of the motion" i.e., "posthearing briefs or additional factual materials." Id. at 331. The hearing on the defendant's motion to suppress evidence did not conclude until the supplemental hearing on December 19, 2008. The Supreme Court has stated that "(t)he provisions of the (Speedy Trial) Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." United States v. Henderson, 476 U.S. at 331 (1986). As was noted at the supplemental hearing the undersigned felt it necessary to obtain additional information from the parties to clarify the parameters of the defendant's motion and to accurately address the issues therein. The discussion of those matters between the court and counsel on December 19, 2008, constituted a hearing within the meaning of 18 U.S.C. § 3161(h)(1)(F). United States v. Grosz, 76 F.3d 1318, 1324-25

(5th Cir. 1996); United States v. Staula, 80 F.3d 596, 601-02 (1st Cir. 1996).

18 U.S.C. § 3161 (h)(1)(J) further excludes from the 70 day speedy trial computation any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. The defendant's motions came "under advisement" by the court on December 20, 2008, following the supplemental hearing on the defendant's motion to suppress.

On February 9, 2009, the undersigned filed a Memorandum, Report and Recommendation, recommending that the defendant's Motions To Dismiss Indictment and To Suppress Evidence And Statements be denied. The parties were advised that any objections to the Report and Recommendation were to be filed not later than February 20, 2009. On February 10, 2009, the case was set for trial on April 6, 2009. On February 20, 2009, the defendant filed a Motion For Extension Of Time until March 9, 2009, in which to file objections to the Report and Recommendation "due to the press of other matters and the complexity of the issues at hand." The motion was granted. On March 9, 2009, the defendant filed a Motion again requesting additional time until March 12, 2009, to file objections to the Report and Recommendation citing the same reasons set out in the first request. The motion was granted. On March 12, 2009, the

defendant did not file objections to the Report and Recommendation, but rather, filed a Motion requesting that the undersigned reconsider the findings made in the Memorandum, Report and Recommendation as to the defendant's Motion To Dismiss Indictment. The time period between the filing of the Memorandum, Report and Recommendation on February 10, 2009, and the filing of the defendant's Motion For Reconsideration by the Magistrate Judge is excluded from the 70 day speedy trial computation. United States v. Degarmo, 450 F.3d 360, 364 (8th Cir. 2006).

The practical effect of the defendant's Motion For Reconsideration was to resubmit the defendant's Motion To Dismiss Indictment to the Magistrate Judge thus tolling the speedy trial computation pursuant to 18 U.S.C. § 3161 (h)(1)(F). The defendant asked that the April 6, 2009, trial setting be vacated and continued until a date after a ruling on the Motion For Reconsideration noting that issues raised in the Motion For Reconsideration were "complex and of first impression." The motion also set out that the defendant believed that "the ends of justice (were) best served by continuing (the trial) from its current trial setting and that such a continuance outweigh(ed) the interests of the parties and the public to a speedy trial." The motion was granted and the trial was continued to May 4, 2009. On March 17, 2009, the government filed a Response In

Opposition to the Motion For Reconsideration, and the defendant filed a Reply to the Response on March 19, 2009.

On April 20, 2009, the defendant filed a Motion For Discovery. The filing of the motion caused a further tolling of the 70 day speedy trial computation pursuant to 18 U.S.C. § 3161 (h)(1)(F). The government filed a Response In Opposition on April 21, 2009. The motion was set to be heard before the undersigned on April 24, 2009. In the meanwhile, on April 21, 2009, the defendant moved for a continuance of the May 4, 2009, trial setting, noting that the Motion For Reconsideration remained pending.

On April 22, 2009, the undersigned filed a Supplemental Report and Recommendation recommending that the defendant's Motion For Reconsideration be denied. The parties were granted until April 29, 2009, in which to file any objections to the Supplemental Report and Recommendation. The time between the defendant's filing of the Motion For Reconsideration on March 12, 2009, and the filing of the Supplemental Report and Recommendation on April 22, 2009, is excluded from the 70 day speedy trial computation pursuant to 18 U.S.C. § 3161 (h)(1)(J), and due to the pendency of defendant's Motion For Discovery.

On April 24, 2009, the trial was continued and reset to July 20, 2009.

On April 28, 2009, the defendant filed a Motion For An Extension Of Time until May 8, 2009, to file objections to the Supplemental Report and Recommendation.  The motion was granted.

On May 14, 2009, the defendant filed a Motion To Sever Count II of the Superceding Indictment.  On May 21, 2009, the government filed a Response in Opposition to the Motion to Sever.  The motion was set to be heard before the undersigned on June 1, 2009.

On May 28, 2009, the Grand Jury returned and filed a second superseding indictment setting out a charge different in part from that in the first superseding indictment.  On June 1, 2009, the defendant appeared with counsel for arraignment on the second superseding indictment and entered a plea of not guilty.  Counsel for the defendant indicated an intent to renew motions previously filed and to file additional motions raising issues as to the second superseding indictment.  The undersigned stated that the parties would have until June 12, 2009, in which to do so.  Counsel for defendant indicated that the defendant would likely ask for additional time beyond that date to prepare and file motions.  The time between the filing of the superseding indictment on May 28, 2009, and the defendant's arraignment on that indictment on June 1, 2009, is excluded from the 70 day speedy trial computation.  <u>United States v. Van Someren</u>, <u>supra</u>.

On April 28, 2009, the defendant filed a Motion For An Extension Of Time until May 8, 2009, to file objections to the Supplemental Report and Recommendation.  The motion was granted.

On May 14, 2009, the defendant filed a Motion To Sever Count II of the Superceding Indictment.  On May 21, 2009, the government filed a Response in Opposition to the Motion to Sever.  The motion was set to be heard before the undersigned on June 1, 2009.

On May 28, 2009, the Grand Jury returned and filed a second superseding indictment setting out a charge different in part from that in the first superseding indictment.  On June 1, 2009, the defendant appeared with counsel for arraignment on the second superseding indictment and entered a plea of not guilty.  Counsel for the defendant indicated an intent to renew motions previously filed and to file additional motions raising issues as to the second superseding indictment.  The undersigned stated that the parties would have until June 12, 2009, in which to do so.  Counsel for defendant indicated that the defendant would likely ask for additional time beyond that date to prepare and file motions.  The time between the filing of the superseding indictment on May 28, 2009, and the defendant's arraignment on that indictment on June 1, 2009, is excluded from the 70 day speedy trial computation.  <u>United States v. Van Someren</u>, <u>supra</u>.

On June 12, 2009, the defendant filed a Motion requesting additional time until June 26, 2009, in which to file pretrial motions. The motion was granted on June 15, 2009. In the Order granting the motion the undersigned found that,

> For the reasons set out in the defendant's motion the undersigned finds that to deny defendant's request for such additional time would deny counsel for the defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting defendant's request for additional time outweigh the best interest of the public and the defendant in a speedy trial, and therefore, the time granted to defendant to investigate and prepare pretrial motions, or a waiver thereof, is excluded from computation of the defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(c)(1).

On June 26, 2009, the defendant filed numerous pretrial motions. The time between June 1, 2009, and June 26, 2009, granted at the defendant's request and upon the court's interest of justice finding is excluded from the 70 day speedy trial period. 18 U.S.C. § 3161(h)(8(A) and (B); United States v. Bloate, supra.

On June 26, 2009, the defendant filed the following motions: Motion To Dismiss The Superseding Indictment In That It Is Unconstitutionally Vague And Overbroad, Exceeds Congress's Authority Under The Commerce Clause And Contradicts The Supreme Court's Holding In Stanley; (Renewed) Motion To Suppress Evidence

-13-

And Statements; Motion To Dismiss (Indictment) Based On Strict Scrutiny (sic); Motion For Severance (of counts) On Superseding Indictment); Motion To Declare 18 U.S.C. § 1466 (A) Unconstitutional As Applied To Fictional Works Or, In The Alternative To Dismiss The Indictment For Failure To Allege A Crime; Motion To Dismiss Indictment For Violation Of Speedy Trial Act; and Motion In Limine In Opposition To Government's Notice Of Using Evidence Pursuant To Rule 414. The government filed its responses to defendant's motions on July 6, 2009. On July 7, 2009, the undersigned entered an order directing each party to notify the court in writing whether they wished to present any additional testimony or evidence on any pending motion and/or whether they wished to be heard by way of argument on any pending motion. On July 13, 2009, each party notified the court that they wished to be heard on several of the pending motions. Counsel for the defendant also requested additional time to file replies to the government's responses to the defendant's motions, which request was granted. On July 24, 2009, the undersigned entered an order setting all pending motions for hearing on August 11, 2009. The hearing was held on that date. The period of time from the filing of motions on June 26, 2009, to the hearing on August 11, 2009, is excluded from the 70 day speedy trial computation pursuant to 18 U.S.C. § 3161 (h)(1)(F); United States v. Henderson, supra; United States v. Grosz, supra; United States v. Staula, supra.

On September 3, 2009, the undersigned filed a Memorandum, Report and Recommendation noting that the defendant's Motion To Suppress Evidence and Statements had been submitted to the court on the testimony and evidence previously adduced, and without additional testimony or evidence, and adopting the findings of fact and conclusions of law set out in the court's first Memorandum, Report and Recommendation filed with respect to the defendant's first Motion To Suppress Evidence and Statements. The parties were granted until September 14, 2009, in which to file objections to the Report and Recommendation.

On September 10, 2009, the undersigned filed a Memorandum, Report and Recommendation, recommending that defendant's Motion To Dismiss (Count II of) the Superseding Indictment in that it is Unconstitutionally Vague and Overbroad, and Exceeds Congress's Authority Under the Commerce Clause and Contradicts the Supreme Court's Holding in <u>Stanley</u> be denied. The parties were granted until September 21, 2009, in which to file objections.

On September 14, 2009, the defendant filed objections to the Report and Recommendation on defendant's Motion To Suppress Evidence and Statements.

On September 16, 2009, the undersigned filed a Memorandum, Report and Recommendation, recommending that defendant's Motion to Dismiss (Count II) Based on Strict Scrutiny

and Motion to Declare 18 U.S.C. § 1466(A) Unconstitutional as Applied to Fictional Works or, in the Alternative, to Dismiss the Indictment for Failure to Allege a Crime, be denied.  The parties were granted until September 28, 2009, in which to file objections.

On September 21, 2009, the defendant filed objections to the Report and Recommendation on defendant's Motion to Dismiss Based on Vagueness, Overbreadth and Extension of Stanley.

On September 28, 2009, the defendant filed objections to the Report and Recommendation on Defendant's Motion to Dismiss (Count II) Based on Strict Scrutiny and Motion to Declare 18 U.S.C. § 1466(A) Unconstitutional as Applied to Fictional Works or, in the Alternative, to Dismiss the Indictment for Failure to Allege a Crime.

On October 28, 2009, the undersigned filed a Memorandum, Report and Recommendation, recommending that defendant's Motion For Severance and Motion For Severance on Superseding Indictment be denied.  The parties were granted until November 6, 2009, to file objections.  On November 4, 2009, the defendant filed a Motion requesting additional time until November 18, 2009, in which to file objections to the Report and Recommendation on defendant's Motion For Severance and Motion For Severance on Superseding Indictment.  The motion was granted.  On November 18, 2009, the defendant filed objections to the Report and Recommendation.

The time from the hearing on motions on August 11, 2009, until September 3, 2009, and September 10, 2009, when the undersigned filed Memoranda, Reports and Recommendations on several of defendant's pending motions is excluded from the 70 day speedy trial computation pursuant to 18 U.S.C. § 3161 (h)(1)(J).

The Motion In Limine In Opposition To Government's Notice Of Using Evidence Pursuant To Rule 414 filed on June 26, 2009, remains pending before the trial court at this time. Because the trial court has deferred its ruling on the motion, the time from June 26, 2009, to the present is excluded from the 70 day speedy trial clock computation. United States v. Jernigan, 341 F.3d 1273, 1285-87 (11th Cir. 203); United States v. Sposito, 106 F.3d 1042, 1043-46 (1st Cir. 1997).

The time from September 3, 2009, to the present is further excluded from the 70 day speedy trial computation pursuant to 18 U.S.C. § 3161 (h)(1)(J) because the District Court has had one or more of the defendant's objections to various Reports and Recommendations under advisement for thirty days during that period. United States v. Degarmo, supra.

Based on the above findings the following periods of non-excludable time have run under the speedy trial clock:

1. From May 2, 2008, through June 19, 2008 - 48 days;
2. From January 19, 2009, through February 8, 2009 - 21 days.

All other periods of time are excludable. Therefore, sixty-nine (69) days of non-excludable time have run on the speedy trial clock. There has been no violation of the defendant's right to trial within 70 days of non-excludable time therefore the defendant's motion should be denied.

Therefore,

**IT IS HEREBY RECOMMENDED** that the Motion of Defendant To Dismiss Indictment For Violation Of Speedy Trial Act (Docket No. 99) be denied.

The parties are advised that they have to and including **December 31, 2009,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of December, 2009.