UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S2-4:08CR244 RWS |
| ) | (FRB) |
| RUSSELL GENDRON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the court is Defendant's Motion For Production And Inspection Of Grand Jury Transcripts (Docket No. 100) (Docketed by the filer as a Request for Discovery . . . of Grand Jury Transcripts. <u>See</u> Docket Entry 100). All pretrial motions were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

The defendant seeks disclosure of transcripts of all proceedings before all grand juries which considered any indictment involving the defendant. He asserts as grounds for such disclosure his belief that "the grand jury was improperly informed of the requirements of 18 U.S.C. § 1466(A)(a) pertaining to interstate commerce." He further claims that there is no evidence to support "the existence of a connection between the suspect images and interstate commerce." He also "believes the grand jury was not properly informed on the legal definition for obscenity. . . ."

Lastly, he advances his belief that "the grand jury was not properly informed on the elements of 18 U.S.C. § 1466A(a) - forbidding receipt of obscene materials depicting representations of minors, versus the elements of 18 USC 1466A(b) (sic) - forbidding possession of obscene materials depicting representations of minors". The defendant goes on to assert that "Without such improper information on the law, the grand jury would not have returned an indictment" against the defendant and that "Review of the transcripts will form the basis for dismissal of the Indictment."

Rule 6(e)(3)(E)(ii), Federal Rules of Criminal Procedure, permits disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." In order to obtain disclosure pursuant to the Rule the defendant must show a "particularized need" for such disclosure. United States v. Proctor & Gamble, 356 U.S. 677 (1958); United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).

The defendant's first claim regarding the required nexus to interstate commerce, although cast as a claim that the jury was not properly instructed as to such requirement, seems rather to be based on a perceived lack of evidence to show the required nexus. A claimed lack of such evidence before the grand jury is not grounds for dismissal of an indictment, Costello v. United States,

350 U.S. 359, 364-65 (1956) and thus cannot meet the "particularized need" standard to obtain disclosure of the grand jury records. In United States v. Williams, 504 U.S. 36 (1992) the Supreme Court noted that, "A complaint about the quality or adequacy of the evidence" [before the grand jury] "can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading'." Id. at 54. The court then went on to say, "Our words in Costello bear repeating: Review of facially valid indictments on such grounds 'would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it]." Id. at 54-55.

Moreover, the defendant's claim that the grand jury was not "properly informed" of the interstate nexus requirements can serve as no basis upon which to dismiss the indictment. United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988)("The prosecutor is under no obligation to give the jury legal instructions.") (Reversed on other grounds). United States v. Lopez-Lopez, 282 F.3d 1, 8-9 (1st Cir. 2002); United States v. Pike Industries, Inc., 575 F. Supp. 885, 890-91 (D. Vermont 1983); United States v. Wood, 775 F. Supp. 335 (W.D. Ark. 1991); United States v. Finn, 919 F. Supp. 1305, 1326-27 (D. Minn. 1995); United States v. Kufrovich, 997 F. Supp. 246, 253 (D. Conn. 1997); United States v. Stein, 429 F. Supp. 2d 633, 639-40 (S.D. N.Y. 2006).

For these same reasons, the defendant's assertions that the grand jury was not properly informed of the legal definition of obscenity or of the differing elements of the offenses set out in 18 U.S.C. § 1466A(a) and 1466A(b), cannot serve as a basis upon which to dismiss the indictment.

The defendant has failed to show the "particularized need" to require disclosure of the grand jury materials which he seeks and his motion should be denied.

Therefore,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion For Production And Inspection of Grand Jury Transcripts (Docket No. 100) be denied.

The parties are advised that they have until **February 24, 2010,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).



UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of February, 2010.