UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. S2 4:08CR 244 RWS |
| RUSSELL GENDRON, | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before me on the numerous pretrial motions filed by defendant Russell Gendron.

The motions filed by Mr. Gendron for my consideration are:

1. Motion to dismiss indictment, dated September 10, 2008 [Doc.#32];

2. Motion to suppress evidence and statements, dated September 10, 2008 [Doc.#33];

3. Motion to reconsider Magistrate's memorandum, report and recommendation, dated March 12, 2009 [Doc.#53];

4. Motion for severance, dated May 14, 2009 [Doc.#73];

5. Motion in limine in opposition to Government's notice of using evidence pursuant to Rule 414, dated June 26, 2009 [Doc.#93];

6. Motion to dismiss indictment/count of superseding indictment, dated June 26, 2009 [Doc.#94];

7. Motion to suppress evidence and statements, dated June 26, 2009 [Doc.#95];

8. Motion to dismiss the superseding indictment, dated June 26, 2009 [Doc.#96];

9. Motion for severance on superseding indictment, dated June 26, 2009 [Doc.#97];

10. Motion to declare 18 U.S.C. § 1466A unconstitutional as applied to fiction works, dated September 16, 2009 [Doc.#98]; and

11. Motion to dismiss indictment for violation of Speedy Trial Act or in the alternative, to dismiss the indictment for failure to allege a Crime, dated June 26, 2009 [Doc.#99].

Pursuant to 28 U.S.C. § 636(b), these motions were referred to United States Magistrate Judge Frederick R. Buckles.

The United States Attorney has filed written responses to the motions. Judge Buckles held numerous evidentiary hearings.

Judge Buckles issued his first report and recommendation on February 9, 2009. Judge Buckles recommended that defendant's motion to dismiss indictment and motion to suppress evidence and statements be denied. On March 12, 2009, defendant Gendron filed his a motion for reconsideration of the Magistrate's memorandum, report and recommendation. The United States Attorney filed his response on March 19, 2009. On April 22, 2009, Judge Buckles filed a supplemental report and recommendation that defendant's motion for reconsideration be denied. On May 8, 2009, defendant Gendron filed his objections to Judge Buckles' supplemental report and recommendation. The United States Attorney filed a response to the defendant's objections on May 15, 2009.

On May 28, 2009 the grand jury returned a second superseding indictment against Russell Gendron.

After the superseding indictment was returned, Gendron renewed all of his pretrial motions and filed some new motions. As a result, defendant Gendron's motions [Docs.#32,#33,#53 and #73] filed <u>before</u> the superseding indictment on May 29, 2009 are denied as moot. Because these motions are moot, I have not

reviewed and will not adopt Judge Buckles' reports and recommendations [Docs.#48 and #66] which were made <u>before</u> the superceding indictment.

On June 26, 2009 defendant Gendron filed the following motions:

a. Motion to dismiss the superseding indictment in that it is unconstitutionally vague and overbroad, exceeds Congress's authority under the commerce clause and contradicts the Supreme Court's holding in <u>Stanley</u> [Doc.#94];

b. Motion to suppress evidence and statements [Doc.#95];

c. Motion to dismiss the indictment based on strict scrutiny [Doc.#96];

d. Motion for severance of counts on superseding indictment [Doc.#97];

e. Motion to declare 18 U.S.C. § 1466(a)(1) unconstitutional as applied to fictional works, or, in the alternative to dismiss the indictment for failure to allege a crime [Doc.#98];

f. Motion to dismiss for violation of Speedy Trial Act [Doc.#99];

g. Motion in limine in opposition to Government's notice of using evidence pursuant to Rule 414 [Doc. 93];

The United States Attorney filed responses to each of the defendant's motions on July 6, 2009. Defendant Gendron filed replies on July 20, 2009.

Judge Buckles held a hearing on the pending motions on August 11, 2009.

On September 3, 2009, Judge Buckles filed his report and recommendations that the motion to suppress evidence and statements be denied [Doc.#95]. Gendron filed his objection to this recommendation on September 14, 2005.

On September 10, 2009 Judge Buckles filed his report and recommendation that the constitutional challenge to count II of the indictment be denied [Doc.#94]. Gendron filed objections to the recommendation on September 21, 2009.

On September 16, 2009 Judge Buckles filed his report and recommendation that Gendron's motion to dismiss count II based on strict scrutiny [Doc.#96] be denied. Gendron filed his objection to the recommendation on September 22, 2009.

On October 28, 2009 Judge Buckles filed his report and recommendation that the motion for severance be denied as moot [Doc.#73]. Gendron filed his objection to this ruling on November 18, 2009.

On December 18, 2009, Judge Buckles issued his report and recommendation that Gendron's motion to dismiss for violation of the Speedy Trial Act [Doc.#99] be denied. Gendron filed his objection to this ruling on January 8, 2010.

I have conducted a *de novo* review of the numerous pretrial motions. After carefully considering the motions and the reports and recommendations, I will adopt and sustain the thorough reasoning of Judge Buckles set forth in support of his recommendation dated September 16, 2009 [Doc.#122] denying Gendron's motion to dismiss based on strict scrutiny [Doc.#96] and Gendron's motion to declare 18 U.S.C. § 1466(a)(1) unconstitutional as applied to fictional works, or, in the alternative to dismiss the indictment for failure to allege a crime [Doc.#98].

I will adopt and sustain the thorough reasoning of Judge Buckles set forth in support of his recommendation dated October 28, 2009 [Doc.#125] denying as moot Gendron's motion for severance [Doc.#73] and denying Gendron's motion for severance on the superceding indictment [Doc.#97].

I will adopt and sustain the thorough reasoning of Judge Buckles set forth in support of his recommendation dated December 18, 2009 [Doc.#129] denying Gendron's motion to dismiss indictment for violation of Speedy Trial Act [Doc.#99].

I will adopt and sustain the thorough reasoning of Judge Buckles set forth in support of his recommendation dated September 3, 2009 [Doc.#118] as to Gendron's motions to suppress [Docs.#33, #95]. I adopt Judge Buckles'

recommendation that Gendron's motion to suppress be denied. I also adopt the portions of Judge Buckles report and recommendation incorporating the reasoning contained in his memorandum of February 9, 2009 as to Gendron's motion to suppress. However, because Gendron's motion to dismiss indictment [Doc.#32] was mooted by the issuance of a superceding indictment on May 28, 2009, I do not adopt Judge Buckles' incorporation of his February 9, 2009 report and recommendation relating to Gendron's motion to dismiss.

Gendron filed objections to Judge Buckles' report and recommendation that Gendron's constitutional challenge under Stanley v. Georgia, 394 U.S. 557 (1969) to count II of the indictment be denied. The United States Attorney relies on United States v. Whorley, 550 F.3d 326 (4th Cir. 2008), which held that 18 U.S.C. § 1462, which criminalizes the importation or transportation of obscene material and the knowing receipt such material, was not unconstitutional under Stanley. The court observed that § 1462 focused on the movement of obscene material in channels of commerce. Whorley, 550 F.3d at 333. The defendant in Whorley also made a challenge to 18 U.S.C. § 1466A(a)(1) on other grounds, but his Stanley challenge was limited to § 1462. The United States Attorney also relies on United States v. Mees, No. 4:09CR145ERW (June 10, 2009), which upheld 18 U.S.C. §

1466A(b)(1) against a Stanley First Amendment challenge and United States v. Handley, 564 F. Supp.2d 996 (D.D. Iowa 2008), which concluded that § 1466A(a)(1) was constitutional, but that § 1466A(a)(2) was not constitutional. The memorandum of the United States was filed on July 6, 2009.  Because Gendron raises serious questions regarding the constitutionality of 18 U.S.C. § 1466A(a)(1) regarding the receipt of obscene material in one's home, I believe supplemental briefing that addresses and updates on the state of the law relating to challenges of § 1466A(a)(1) under Stanley would be beneficial.

Accordingly,

**IT IS HEREBY ORDERED** that Motions # 32, #33, #53 and #73 are DENIED as Moot.

**IT IS FURTHER ORDERED** that the Reports and Recommendations of United States Magistrate Judge Frederick R. Buckles  [Docs.# 122, #125, and #129] are **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles  [Doc. #118] is

**SUSTAINED, ADOPTED, and INCORPORATED** herein as to Gendron's Motion to Suppress only.

 **IT IS FURTHER ORDERED** defendant Russell Gendron's Motions [Doc.# 95, #96, #97, #98, and Doc. #99] are **DENIED**.

**IT IS FURTHER ORDERED** that the United States Attorney shall file a supplemental memorandum that identifies any written decisions addressing the constitutionality of § 1466A(a)(1) under <u>Stanley</u>, as to the receipt of obscene materials, that have been issued since it filed its memorandum on July 6, 2009 no later than **March 2, 2010.**

Dated this 23rd Day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE